UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WALTER KORZENKIOWSKI,
        Plaintiff,

        v.                                       CIVIL ACTION
                                                  NO. 14-12754-WGY
UMASS CORRECTIONAL HEALTH CARE, ET AL.,
        Defendants.

ORDER

YOUNG, D.J.                                                                              August 20, 2014

        Plaintiff Walter Korzenkiowski originally filed a joint compliant that was part of a multi-plaintiff civil rights action. See Stote, et al. v. UMASS Correctional Health Care, et al., C.A. No. 13-10267-NMG (the "2013 action"). The 2013 action was initiated by MCI Norfolk inmate John E. Stote concerning alleged inadequate medical care at MCI Norfolk. On June 25, 2014, the judge assigned to the 2013 action severed the individual prisoner claims into separate cases. See No. 13-10267-NMG, 06/25/2014 Memorandum and Order (the "June Order), Docket #20.

        Pursuant to the directives of the June Order, the Clerk opened a new case for Korzenkiowski. See Docket, 14-12754-WGY. The June Order was mailed to Korzenkiowski and was returned as undeliverable. Id.

        As required by the June Order, a deputy clerk searched for a record of Mr. Korzenkiowski. A search of the on-line Victim Information & Notification Everyday (VineLink) homepage reveals that Mr. Korzenkiowski is no longer in DOC custody. See VineLink Offender Locator, http://www.vinelink.com (last visited Aug. 3, 2014). The deputy clerk was unable to obtain a forwarding address by calling MCI Norfolk.

        Mr. Korzenkiowski failed to inform the Court of his new address as required under this Court's local rules. See District of Massachusetts Local Rule 83.5.2(e) (requiring pro se litigants to notify the clerk of any change of address). The Supreme Court has recognized that district courts have inherent power to dismiss cases for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted.").

        The fact that Korzenkiowski has not kept the Court advised of his current address

suggests that he may have decided not to press his individual claim. The Court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address.

      Based upon the foregoing, it is hereby ORDERED this action is DISMISSED without prejudice.

SO ORDERED.

          /s/ William G. Young
          WILLIAM G. YOUNG
          UNITED STATES DISTRICT JUDGE